UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEBORAH ANN BARRETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:17-cv-00107 (APM) |
| ) | |
| PEPCO HOLDINGS, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

In this discrimination case, Plaintiff Deborah Barrett claims that Defendant Pepco Holdings discriminated against her on the basis of her race, gender, and age, as well as retaliated against her for exercising her protected statutory rights. Before the court are the following motions: (1) Plaintiff's Motion for Default Judgment; (2) Defendant's Motion to Dismiss; and (3) Plaintiff's Motion for Leave to Amend. For the reasons herein, the court denies Plaintiff's Motion for Default Judgment and grants in part Plaintiff's Motion for Leave to Amend. Given that portions of the Second Amended Complaint are now the operative pleading in this matter, the court denies as moot Defendant's Motion to Dismiss Plaintiff's Amended Complaint.

Because the court here writes primarily for the parties, the court assumes their familiarity with this matter and will reference the procedural history and factual allegations only as necessary to resolve their disputes.

**I.    PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Plaintiff moves for entry of a "default judgment" on the ground that Defendant filed its responsive pleading late. *See* Pl.'s Mot. for Default J., ECF No. 6, at 1–2. A default judgment is

appropriate only when a party is "essentially unresponsive." *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980).

Defendant plainly has not been "essentially unresponsive," as it engaged with Plaintiff shortly after receiving the Amended Complaint and made an appearance in this matter soon thereafter. Defendant received the Amended Complaint on January 25, 2017, and agreed to accept service, even though Defendant deemed it defective, on the condition that Plaintiff would consent to an enlargement of time for Defendant to respond. *See* Def.'s Opp'n to Pl.'s Mot. for Default J., ECF No. 8 [Def.'s Opp'n to Mot. for Default J.], at 1. Defendant drafted a motion for an extension of time, sought Plaintiff's input concerning the language, made the adjustments Plaintiff requested, and then filed its motion on February 15, 2017, which the court granted. *See id.* at 1–2; Def.'s Consent Mot. for Ext. of Time, ECF No. 3; Minute Order, Feb. 16, 2017. Pursuant to that extension, Defendant filed its opposition to Plaintiff's Motion for Default Judgment on March 15, 2017. *See* Def.'s Opp'n to Mot. for Default J. Although there may have been some breakdown in communication concerning the consent motion for an extension of time, *see id.* at 2–3, that fact does not render Defendant an "essentially unresponsive" party in this litigation. To the contrary, the record reflects that Defendant has actively participated in this litigation from the time it received the Amended Complaint.

Accordingly, the court denies Plaintiff's Motion for Default Judgment.

## II. PLAINTIFF'S MOTION FOR LEAVE TO AMEND

Plaintiff originally filed this matter pro se, but later retained counsel. With counsel's assistance, Plaintiff filed an opposition to Defendant's Motion to Dismiss the Amended Complaint, but before that Motion became ripe, she sought leave of court to amend her complaint once more. *See* Pl.'s Opp'n to Def.'s Mot. to Dismiss, ECF No. 20 (filed June 16, 2017); Pl.'s Mot. for Leave to Am. Compl., ECF No. 22 [hereinafter Pl.'s Mot. to Am.], at 1 (filed June 20, 2017). Defendant

opposes Plaintiff's Motion for Leave to Amend on the ground that amendment would be futile because Plaintiff's proposed Second Amended Complaint still fails to assert any claims upon which relief can be granted. *See* Def.'s Reply in Supp. of Mot. to Dismiss & Opp'n to Pl.'s Mot. for Leave to Am., ECF No. 24 [hereinafter Def.'s Reply & Opp'n], at 2.[1]

Although the Federal Rules of Civil Procedure instruct courts "to freely give leave" to a party who wishes to amend a pleading, leave need not always be given. *See* Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962). A court can deny a plaintiff leave to amend her complaint if granting leave would be "futile," meaning the proposed pleading would not survive a motion to dismiss. *See Greer v. Bd. of Trs. of Univ. of D.C.*, 113 F. Supp. 3d 297, 312 (D.D.C. 2015).

Plaintiff's proposed Second Amended Complaint alleges that Defendant discriminated against Plaintiff on account of her age, race, and gender; denied her a promotion; created a hostile working environment; and retaliated against her for complaining about her working conditions. The proposed complaint avers that Plaintiff is a 60-year-old African-American woman, who, during the relevant time period, worked as a "Design Technician-B" for Defendant. Pl.'s Mot. to Am., Proposed Second Am. Compl., ECF No. 22-2 [hereinafter Second Am. Compl.], ¶ 10. In or around August 2014, Plaintiff's supervisor, Travis Groff, a 35-year-old white man, purportedly "directed" Plaintiff to mentor and train her younger, white male colleagues. *Id.* ¶ 12. In light of her increased responsibilities, Plaintiff asked Groff for a promotion to a "Design Technician-A" position. *Id.* ¶¶ 13–14. He allegedly laughed at her and rejected her request, telling her that it takes 20 years to get promoted. *Id.* ¶ 15. Groff then removed Plaintiff from her mentoring duties; "segregated [her] from her colleagues by instructing them not to ask her any questions"; "chastised

---

[1] In response and opposition to Plaintiff's Motion for Leave to Amend, Defendant filed two identical documents. *Compare* ECF No. 24, *with* ECF No. 25. For ease of reference, the court cites only the first document.

and intimidated" Plaintiff by frequently commenting on her attendance, to the point that she was fearful to leave her desk; and limited Plaintiff to two, 15-minute breaks, while allowing her younger, white male colleagues to take breaks of an hour or more. *Id.* ¶¶ 17, 25. The Design Technician-A position remained open, and Defendant continued to evaluate younger, white men for the position. *Id.* ¶ 16. In early October 2014, Plaintiff complained to Human Resources ("HR") that Groff was discriminating against her and creating a hostile work environment. *Id.* ¶ 19. At a meeting with HR, Groff purportedly again denied Plaintiff's request for a promotion and mocked her qualifications. *Id.* ¶ 20. A few weeks later, Plaintiff repeated her complaints to Groff's supervisor. *Id.* ¶ 21. In May 2015, Groff gave Plaintiff a low evaluation score, which Plaintiff attributes to her filing a complaint about Groff with HR. *Id.* ¶ 22. In April 2016, another of Plaintiff's supervisors, Jerry Simms, called Plaintiff a "bitch" for complaining about Groff and "threatened physical intimidation or violence against her." *Id.* ¶ 26.

The court addresses, in turn, the claims presented in Plaintiff's Second Amended Complaint. For the reasons discussed below, the court will grant Plaintiff's Motion for Leave to Amend in part, thereby making portions of the Second Amended Complaint the operative pleading in this matter and rendering moot Defendant's Motion to Dismiss the Amended Complaint. *See Dover v. Medstar Wash. Hosp. Ctr., Inc.*, 989 F. Supp. 2d 57, 62 & n.2 (D.D.C. 2013).

### A. Age-Based Discrimination Claims

To begin, the court denies Plaintiff leave to amend her Amended Complaint to clarify her age-based discrimination claims because those claims are procedurally barred. Plaintiff cannot recover on her claim of discrimination (Count 3), hostile work environment (Count 5), or retaliation (Count 7) under the Age Discrimination in Employment Act ("ADEA") because she did not exhaust her administrative remedies as to any of those claims. *See Achagzai v. Broad. Bd.*

4

*of Governors*, 170 F. Supp. 3d 164, 172 (D.D.C.), *reconsideration denied*, 185 F. Supp. 3d 135 (D.D.C.), *appeal dismissed*, No. 16-5171 (D.C. Cir. Oct. 31, 2016) (per curiam); Def.'s Reply & Opp'n at 9–10; Def.'s Reply & Opp'n, Ex. A, ECF No. 24-2.

Plaintiffs contends that these claims should survive because Defendant allegedly waived any administrative exhaustion defense, but that argument is without merit. Plaintiff concedes that she did not exhaust her administrative remedies as to her ADEA claims, but submits that that failure is of no consequence because Defendant did not raise a failure-to-exhaust defense in its Motion to Dismiss. *See* Pl.'s Reply to Opp'n to Pl.'s Mot. for Leave to Am., ECF No. 26, at 5–6. Plaintiff cannot seek leave to file a *new complaint*, however, and avoid an exhaustion challenge to that complaint on the ground that no such challenge was asserted with respect to *her earlier complaint*. Put simply, Plaintiff cannot have her cake and eat it, too. Accordingly, Defendant has not waived an exhaustion defense as to the complaint Plaintiff now seeks to file, i.e., the Second Amended Complaint.

Because Plaintiff did not administratively present her ADEA claims, leave to amend as to those claims will be denied with prejudice.

**B.    Race- and Gender-Based Discrimination Claims**

Next, Plaintiff seeks leave to amend her Amended Complaint to clarify that her race- and gender-based discrimination claims under Title VII of the Civil Rights Act of 1964 are premised on Defendant's failure to promote her (Counts 1 and 2), which the court will permit. Defendant asserts that the court should deny Plaintiff leave to amend because (1) the proposed Second Amended Complaint does not allege facts that support the elements of a prima facie case of discrimination for failure to promote, and (2) Plaintiff has "pled herself out of court" by alleging that she sought a promotion in August 2014, which, under the applicable collective bargaining

5

agreement, was premature. Def.'s Mot. to Dismiss, ECF No. 7, Mem. in Supp., ECF No. 7-1, at 3–5; Def.'s Reply & Opp'n at 2–4. For the reasons that follow, neither argument supports denying leave to amend.

Defendant's first argument fails because it misstates Plaintiff's burden at the motion to dismiss stage. A plaintiff alleging discrimination need not plead specific facts supporting a prima facie case to survive a motion to dismiss. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2012). All a plaintiff must do is "give[] [the defendant] fair notice of the basis for [his or her] claims." *Id.* In *Swierkiewicz*, the Supreme Court held that a complaint alleging race- and age-based discrimination satisfied the notice pleading requirement where it "detailed the events leading to [the plaintiff's] termination, provided relevant dates, and included the ages and nationalities of at least some of the relevant persons involved with his termination." *Id.* Accepting the well-pleaded allegations to be true, and drawing all inferences in Plaintiff's favor, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), Plaintiff's proposed Second Amended Complaint satisfies that standard. The proposed complaint sets forth the time and events surrounding Plaintiff's request for promotion and the denial of that request; identifies the race and gender of her supervisor; and avers that the job remained open to white males. Second Am. Compl. ¶¶ 11–18. Plaintiff also alleges that her supervisor was dismissive of her request, openly mocked her qualifications, and, after she requested a promotion, isolated her from her peers. *Id.* ¶ 11–18, 20. Those allegations contain sufficient factual matter to satisfy the notice pleading standard.

Defendant's second argument fares no better because the factual contention to which Defendant points—that Plaintiff was not eligible for promotion under the collective bargaining agreement—cannot serve as a ground for dismissal at the motion to dismiss stage. *See Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1117 (D.C. Cir. 2000) (rejecting similar contention that the

plaintiff had pleaded himself out of court "by alleging facts that render success on the merits impossible"). Plaintiff must first be given an opportunity to show through discovery that she in fact was eligible for promotion and that Defendant's non-discriminatory reason for denying her a promotion is a pretext for discrimination. *See id.* Resolving the true basis for Defendant's refusal to promote Plaintiff is inappropriate at this juncture.

Accordingly, Plaintiff will be permitted to amend her Amended Complaint to assert failure-to-promote claims premised on race- and gender-based discrimination.

### C. Retaliation Claim Premised on Race- and Gender-Based Discrimination

Plaintiff also seeks leave to amend her Amended Complaint to clarify that she was retaliated against for reporting the race- and gender-based discrimination she experienced, in violation of Title VII (Count 6). She alleges that, as a direct result of complaining to HR about Groff's actions, (1) Groff gave her a "low evaluation score" on a performance review, and (2) Groff and Simms subjected her to a hostile work environment. Second Am. Compl. ¶¶ 19, 22, 26, 57. Defendant challenges the sufficiency of Plaintiff's retaliation claim. Because neither of Plaintiff's theories would allow her claim to withstand a motion to dismiss, the court denies Plaintiff leave to amend without prejudice.

Plaintiff's first theory is legally deficient because the Second Amended Complaint does not contain any factual allegations concerning financial harm. Even in the retaliation context, where the requirement of an adverse action "encompass[es] a broader sweep of actions than those in a pure discrimination claim," negative "performance reviews typically constitute adverse actions only when attached to financial harms," such as having an effect on the plaintiff's "position, grade level, salary, or promotion opportunities." *Baloch v. Kempthorne*, 550 F.3d 1191, 1198 n.4, 1199 (D.C. Cir. 2008). Here, the proposed Second Amended Complaint alleges only

7

that Plaintiff received a low evaluation score; not that the low evaluation score had any further effect on Plaintiff. *See* Second Am. Compl. ¶¶ 57, 59. At most, Plaintiff suggests she "incurred damages consisting of compensatory and punitive damages." *Id.* ¶ 59. Such a conclusory statement, however, is not a plausible statement of fact that defeats a motion to dismiss. *See Iqbal*, 556 U.S. at 678. Accordingly, it cannot support Plaintiff's claim of retaliation.

Plaintiff's second theory—that she suffered from a retaliatory hostile work environment—is equally deficient. Although "a hostile work environment can amount to retaliation under Title VII," *Hussain v. Nicholson*, 435 F.3d 359, 366 (D.C. Cir. 2006), Plaintiff's Second Amended Complaint does not plausibly allege that such an environment existed. According to Plaintiff, the acts comprising the retaliatory hostile work environment include: (1) segregating her from her peers; (2) reducing her break times and subjecting her to greater scrutiny when taking breaks; and (3) once referring to her as a "bitch" and threatening her with physical intimidation and violence. Second Am. Comp. ¶¶ 24–26. These allegations, even when considered collectively, are insufficient to sustain Plaintiff's retaliation claim. First, the proposed Second Amended Complaint makes clear that Plaintiff was separated from her colleagues *before* she brought her discrimination claim to HR. *See id.* ¶ 17 (alleging that Groff "segregated" Plaintiff "[s]hortly after denying [her] request for a promotion"). Accordingly, there can be no causal relationship between her complaint to HR and that conduct. Second, Plaintiff does not specify when Defendant reduced her break time or subjected her attendance to more scrutiny, so the court cannot infer that those actions arose in response to her protected activity. In any event, even if those acts did commence after Plaintiff first exercised her statutory rights, they do not support a hostile work environment claim. *See Veitch v. England*, 471 F.3d 124, 130–31 (D.C. Cir. 2006) (holding that non-selection for a desirable position, assignment to undesirable duties, sharing a small office, and being criticized

8

did not make out a hostile work environment causing constructive discharge); *Hussain v. Gutierrez*, 593 F. Supp. 2d 1, 7 (D.D.C. 2008) (finding the plaintiff had not sufficiently alleged a hostile work environment claim when the allegations before the court were that plaintiff's "job responsibilities were continually changed and downgraded, and that . . . she was asked to do tasks below her job title, asked to sit in the reception area, and told how to organize her desk"), *appeal dismissed*, No. 09-5023, 2010 WL 1632715 (D.C. Cir. 2010) (mem.). Third, a one-time offensive remark—such as being called a "bitch"—occurring 18 months after complaining to HR does not create a hostile work environment. *See Freedman v. MCI Telecomm. Corp.*, 255 F.3d 840, 848 (D.C. Cir. 2001). And, lastly, Plaintiff's allegation that her other supervisor physically threatened and intimidated her is unsupported by any factual content. Such a conclusory allegation does not allow the court to infer that Plaintiff was subjected to a hostile work environment because of her protected activity. *See Iqbal*, 556 U.S. at 678.

Accordingly, the court denies, without prejudice, Plaintiff's request for leave to amend her retaliation claim.

**D.  Hostile Work Environment Claim Premised on Race- and Gender-Based Discrimination**

Finally, Plaintiff seeks leave to amend her remaining claim of a hostile work environment (Count 4). The factual allegations supporting that claim are the same as those Plaintiff advances for her retaliatory hostile work environment claim, however, so granting Plaintiff leave to amend as to this claim proves futile for the same reasons. The first and second groups of alleged hostile actions—segregating Plaintiff from her peers, reducing her break times, subjecting her to greater scrutiny when taking breaks, Second Am. Compl. ¶¶ 24–26—do not rise to the level of conduct that supports a hostile work environment claim. *See Veitch*, 471 F.3d at 130–31; *Hussain*, 593

9

F. Supp. 2d at 7. The same is true for the third group of acts, i.e., the one-time use of a derogatory word and the making of unspecified threats. *See Freedman*, 255 F.3d at 848.

Therefore, the court denies, without prejudice, leave to amend Plaintiff's hostile work environment claim premised on race- and gender-based discrimination.

### III. CONCLUSION AND ORDER

For the foregoing reasons, (1) Plaintiff's Motion for Default Judgment is denied; (2) Defendant's Motion to Dismiss is denied as moot; and (3) Plaintiff's Motion for Leave to Amend is granted in part and denied in part.

Accordingly, the Second Amended Complaint will be the operative complaint insofar as it advances plausible claims of failure to promote based on race and gender. As to all other claims, because the court has denied leave to amend, Plaintiff may not proceed on those claims as currently pleaded.

Dated: August 17, 2017

Amit P. Mehta
United States District Judge